EDO P. MERSELIS *v.* ELIZABETH VREELAND and others.

8    575
51   534

.J. gave a bond and mortgage to A., and died, leaving a will, by which he gave the use of all his estate, real and personal, to his widow, during her widowhood, and afterwards to his children; and, if his personal estate should not be sufficient to pay his debts, charged his real estate with the same, and directed so much thereof to be sold by his executor as would meet the debts; and appointed his widow executor. The personal estate was insufficient to pay the debts. On affidavit that the widow had become deranged, the Surrogate of the county granted administration with the will annexed. The Orphans' Court of the county, on application of the administrator, made an order for the sale of the real estate by the administrator for the payment of the debts. At the sale, B. bought that part of the land which was covered by A.'s mortgage, and the administrator made a deed to B. on B.'s paying him the excess of the sale price beyond the] amount of A.'s' mortgage, and B. went into possession, and afterwards paid A.'s mortgage and had it cancelled of record; and the money so received by the administrator from B. was applied in payment of debts of the estate. The widow, afterwards, recovered from B. the lands so bought by him, in ejectment; and also recovered the mesne profits, from B. *Held*, That B. was entitled to relief.

Bill filed June 20th, 1849, by Edo P. Merselis, stating, that, on the 4th of July, 1835, one John M. Vreeland, being indebted to one Asa A. Van Houten, in $777.19, gave to said A. A. Van Houten his bond, of that date, conditioned for the payment of said sum in one year, with interest. That, to secure the payment of said bond, the said J. M. Vreeland gave to the said A. A. Van Houten a mortgage of the same date, on the lands described in the bill, situated in Acquackanonk, in the now county of Passaic, containing 35 83-100 acres; which mortgage was duly recorded.

That, in 1840, the said J. M. Vreeland died, leaving his widow, Elizabeth Vreeland, and five children, namely, Michael, Casper, Cornelius, John and Ann Eliza, him surviving; and leaving a will, by which he directed that all his just debts be paid as soon as conveniently could be after his decease; and gave to his said widow the use of all his estate, real and personal, during her widowhood; gave to his five children the whole of his estate, to be equally divided among them, when the young-

est should attain twenty-one, and his said widow should have done with the use of it; and, in case his personal estate should not be sufficient to pay his debts, charging his real estate with the same, and directing so much thereof to be sold from time to time, by his executors, as would meet the payment of his debts; directing, that, in case any of his children should die under twenty-one and without issue, the portion devised and bequeathed to such child should be equally divided among the rest of his said children, equally; and appointing the said Elizabeth, his widow, and Nicholas R. Terhune, executors of his will.

That said N. R. Terhune, in due form of law, renounced the executorship, and that the said Elizabeth proved the will, and took upon herself the burthen, &c., on the 21st of September, 1839.

That the said Elizabeth administered part of the estate; and, the personal estate being insufficient to pay the debts, and among the rest the debt secured by said bond and mortgage, it became necessary to take some steps to procure a sale of the real estate, or some part thereof, to pay the said debts. And the said Elizabeth having become deranged in her mind, and unfit to manage the said estate, the family thought it advisable that administrators with the will annexed should be appointed, so as to have the said estate settled.

That two of the said children, Michael and Casper, being of age, and all the rest under age, application was made to the Surrogate of Passaic to grant said letters of administration; and, on affidavit made of the situation of the said Elizabeth, the said Surrogate, on the 20th of May, 1840, granted letters of administration with the will annexed to Michael Vreeland, one of the sons, and Cornelius M. Vreeland, the brother of the testator. That Casper, the other son of age, declined proving the will, on account of his being involved in his circumstances at that time, but approved of and desired the granting of said administration to the said other persons.

That the said administrators with the will annexed proceeded in due course of law to administer the estate; and having filed their account in the Orphans' Court of Passaic, and there being

a deficiency of personal estate, the said Court ordered a sale of the real estate of the testator to pay his debts.

That thereupon the said administrators with the will annexed set up certain parts of the real estate for sale at public vendue, according to law, that is to say, all those certain lots &c., (describing them,) one lot containing 10 29-100 acres, adjoining lands of this complainant; the other lot containing 8 11-100 acres, also adjoining lands of this complainant, which last lot was a part of the land described in the said mortgage. And thereupon, the complainant bidding for the same $1,114.38, and no person bidding more, the same was openly, publicly and fairly struck off to the complainant, for that sum, on the 8th of February, 1842; and the said administrators with the will annexed executed and delivered to the complainant a deed for the said lots; and the complainant thereupon took possession thereof, and continued to occupy the same until he was removed therefrom as after stated.

That the said Elizabeth was present at the said sale, and did not forbid the same, or make any statement that the said administrators had no right to sell, or that she intended to dispute the title of purchasers at said sale; nor did she do any act by which the complainant could be put on his guard, or that should lead the complainant to doubt that a good title could be given by the administrators; and the complainant believed at the time that he purchased a good title to said lots.

That after the complainant had purchased said lots, and in November, 1844, while he was in possession of said lots, and no objection being raised to the said sale by the said Elizabeth, or any other person, and after the complainant had paid to said administrators the difference between the amount due to said A. A. Van Houten on the said bond and mortgage and the amount of the complainant's said bid, the complainant went to the said A. A. Van Houten and paid him the amount due on his said mortgage and took the same, and tore off the seals from the said bond and mortgage, and took his said mortgage to the Clerk's office of Passaic county and had it cancelled of record, on the 16th of November, 1844.

That, on the 4th of May, 1842, when the said deed was delivered by the said administrators to the complainant, there was due to said A. A. Van Houten on the said bond and mortgage $745·46, and that the complainant paid the balance of said purchase money to the administrators, amounting to $368.92, and that the whole of this sum was applied by them to pay the debts of said J. M. Vreeland, except the sum of $100, which, as the complainant has been informed and believes, was applied by the said administrators, or one of them, to pay the funeral expenses of the said Michael Vreeland, who died, and the balance, being $61, was paid by the said administrators, or one of them, as follows : $15.25 to the said widow, Elizabeth, and the same sum to Cornelius, John and Ann Eliza, each, to purchase clothing for them.

That the said Elizabeth gave no notice of her intention to dispute the complainant's said title until the complainant had cancelled the said mortgage of record and she had learned that it was so cancelled, when she commenced an ejectment against the complainant, returnable to the May term, 1845, for the recovery of the land so purchased by the complainant; and the said suit was pending until April term 1849, when the Supreme Court decided in favor of the said Elizabeth, in the said suit, on the ground, as the complainant has been informed, that the Surrogate had no right to grant such letters of administration; and that, immediately thereafter, the costs in said suit were taxed, and an *habere fac. pos.* was issued, and possession of said lands delivered to the said Elizabeth; and the complainant paid the costs of said suit.

That the said A. A. Van Houten has lately executed and delivered to the complainant his deed of assignment, purporting to bear date November 16, 1844, by which he assigned to the complainant the said bond and mortgage.

That after the death of said testator the said Elizabeth accepted the said devises and bequests to her in the said will in lieu of dower; and that by such acceptance all the right of dower of the said Elizabeth in the lots described in said mortgage hath

been lost and merged; and the complainant is entitled to have the same sold free from the dower of the said Elizabeth.

That since the death of said testator two of his sons, Michael and Casper, have died, without being married and intestate, by reason whereof their interest descended to the said Cornelius, John and Ann Eliza Vreeland, who are now all of age.

That the right of said Elizabeth and of her children under said will in and to the real estate was by said will expressly charged with the payment of the debts of the said J. M. Vreeland; and that the personal estate was wholly insufficient to pay his debts.

That the said Elizabeth has lately commenced an action of trespass against the complainant in the Circuit Court of Passaic, returnable to the term of June, 1849, for the recovery of the mesne profits of the land so purchased by the complainant, and that the damages are laid in that suit at $1,800. And the complainant submits, that the said sum of $368.92, paid by him on the said sale, over and above the amount due on the said mortgage at the time of the said sale, and appropriated to pay the debts of said testator, and to the support of his children, and paid to the said Elizabeth as before stated, with the interest thereon, ought to be applied as an offset to the use of said land by the complainant; and that an account should be taken of the same; and that, if the said rents and profits should amount to more than this sum with interest, then that the complainant, as mortgagee in possession, should be charged with such excess, and the same should be deducted from the interest due and to grow due on the said mortgage.

That the money mentioned in the condition of the said bond and mortgage has not been paid to the complainant by the said Elizabeth, or by any other person; but that the same, together with the said sum of $368.92, so paid by the complainant, is now due the complainant, with a large arrear of interest.

That while he had possession of said lands he greatly improved the same; and he submits that such improvements ought to be allowed to him against the rents and profits.

The bill prays, that the said bond and mortgage may be de-

creed to be valid and subsisting; and that the said Elizabeth Vreeland, Cornelius Vreeland, John Vreeland, Ann Eliza Vreeland and Daniel A. Vreeland, some or one of them, may be decreed to pay to the complainant the amount due thereon, or that they may be foreclosed &c.; and that they may be decreed to deliver to the complainant possession of the said mortgaged premises; or that said premises may be decreed to be sold, to pay to the complainant his said debt and interest; and that it may may be decreed that the money paid by the complainant on the said sale, over and above the amount due on the said mortgage, shall be paid to the complainant by the defendants or some of them, or that the same shall be offset against the claim of the said Elizabeth for the rents and profits; and that the said Elizabeth may be injoined from further prosecuting the said action of trespass; and for such other and further relief &c.

The injunction prayed was allowed.

Elizabeth Vreeland, in her own right and as executrix, Cornelius, John and Ann Eliza Vreeland put in their joint and several answer.

The injunction was afterwards dissolved, and the action for mesne profits proceeded, and a verdict and judgment was rendered thereon for $450.

Testimony was taken in this case.

*A. S. Pennington* and *W. Pennington* for the complainant. They cited .2 *John. Ch.* 504; 4 *Ib. Silverlake Bank case*; 1 *Green's Ch.* 151, 322; 16 *Conn. Rep.* 260; 2 *Sandford's Ch.* 9; 1 *Story's Eq. Jur.* 122, et seq.; *Pow. on Con.* 196; 1 *Fonbl. Eq.* 163, new ed. and notes; 6 *John. Ch.* 395.

*Hopper* and *Zabriskie* for the defendants. They cited *Story's Eq. Jur.* sec. 984; 1 *Green's Ch.* 117, 125, 145; *Saxton's Ch.* 205; 2 *John. Ch.* 51, 60; 2 *Green's Ch.* 513, 516; *Saxton's*

*Ch.* 100 ; 111; 14 *Pick. Rep.* 98, 104, 5 ; 4 *Wash. C. C. Rep.* 301; 1 *Peter's*, 13 to 17 ; *Story's Eq. Jur.* sec. 111, 115, 136, 7, 8 ; *Eden on Inj.* 22 ; 2 *Kent's Com.* 491, 4th ed.; 9 *Mees. & Welsb.* 54; 18 *Wend.* 415; 11 *Peters*, 1 ; 12 *Ib.* 32; 2 *Green's Ch.* 497; 1 *Ib.* 145, 7 ; 1 *Zab. Rep.* 395 ; 2 *Smith's leading cases*, 467.

THE CHANCELLOR.    The plain equity of this case is, that the complainant should have relief to the extent to which the money paid by him was applied in payment of the debts with which the lands of the estate of the testator were charged, including the mortgage.    A reference will be ordered.

Order accordingly.